USDC SDNY
DOCUMENT Batto, D.
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE  )
COMMISSION,                )   11-cv-8201 (DAB)
                           )
            Plaintiff,     )   ECF CASE
                           )
       v.                  )
                           )   FINAL JUDGMENT
TYRONE L. GILLIAMS, JR., and )
TL GILLIAMS, LLC,          )
                           )
            Defendants.    )
---

## FINAL JUDGMENT AS TO
## DEFENDANT TYRONE L. GILLIAMS, JR.

On November 14, 2011, the Securities and Exchange Commission (the "Commission") filed a Complaint against Tyrone L. Gilliams, Jr. ("Gilliams") and TL Gilliams, LLC ("TLG") alleging violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

Gilliams and TLG executed waiver of service forms that were filed with the Court on January 23, 2012. Neither Gilliams nor TLG have ever answered or otherwise responded to the Complaint. On February 17, 2012, at the request of the Commission, the Clerk of Court executed a Certificate of Default. On January 31, 2014, the Commission moved for a final default judgment.

The Court, having considered that motion, as well as the previous docket entries in this matter, hereby ORDERS that, as to Defendant Gilliams ("Defendant"):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Clerk of Court shall enter Final Judgment in favor of the Commission and against Defendant.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that that Defendant is liable for disgorgement of $5,000,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $543,233, for a total of $5,543,233, for which Defendant is jointly and severally liable with TLG. Defendant shall satisfy this obligation by paying $5,543,233 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Defendant's liability for disgorgement and prejudgment interest shall be offset, on a dollar-for-dollar basis, by any

3

amounts paid as restitution in the criminal matter captioned <u>United States v. Gilliams</u>, 1:11-cv-00975-DAB (S.D.N.Y.).

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tyrone L. Gilliams, Jr. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

4

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $ 10,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $_____ to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tyrone L. Gilliams, Jr. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Included with payments of disgorgement and prejudgment interest, the Commission shall hold any funds paid to satisfy the penalty award, together with any interest and income earned thereon (collectively the "Fund"), pending further notice of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 9/16/14

*Deborah A. Batts*
Deborah A. Batts, United States District Judge